IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                           CASE NO. 14-02142 (ESL)

JULIO ANGEL RIVERA RAMOS                         CHAPTER 13
LUZ MINERVA RIVERA FIGUEROA


            Debtor

OPINION AND ORDER

This case is before the court upon the "*Trustee's Objection to Proof of Claim Number 8*" filed by Debtors on behalf of Cooperativa de Ahorro y Crédito Oriental's (hereinafter, "Cooperativa") and "*Debtor's Response and Opposition to Trustee' Objection To Claim #8*".  The chapter 13 Trustee argues that Debtors did not contract with Cooperativa, and thus, the Debtors are not obligated with this financial entity since the same does not have a claim against the Debtors.  The Debtors contends that the collateral of Cooperativa's claim is property of the estate because is possessed, and paid by the debtors despite the Financing Agreement is between Cooperativa and a third party. For the reasons stated below, the Trustee's objection to proof of claim number 8 is granted.

I.   FINDINGS OF FACTS

Before, the commencement of the captioned case, on August 5, 2010, joint debtor's mother, Mrs. Josefina Figueroa Carrillo purchased a 2010 Toyota Yaris registered under number 10001030

-1-

from Naguabo Auto Sales. In the Sales contract, she agreed to pay Cooperativa for the vehicle. See Claim No. 8, Exhibit 3. Figueroa Carrillo and Cooperativa subscribed a Financing Agreement for the financing of the 2010 Toyota Yaris on August 5, 2010. See Claim 8, Exhibit 3. Also, per the car's registration, the vehicle is titled to Figueroa Carrillo and is duly encumbered by a lien held by Cooperativa. See Claim 8, Exhibit 2.

Joint debtor, Luz Minerva Rivera Figueroa ("Rivera Figueroa") is not a party in the Financing Agreement subscribed by Figueroa Carrillo and Cooperativa. See Claim 8, Exhibit 3.

On March 19 2014, Debtors, Mr. Julio Angel Rivera Ramos and Rivera Figueroa ("Debtors") filed a bankruptcy case under Chapter 13. (See Docket No. 1) The Debtors in Schedule B included a 2010 Toyota Yaris with an estimated value of $7,000.00. See Docket No. 1.

On July 18, 2014, the Debtors amended the Schedule B to include the 2013 tax refund and to amend the description of the 2010 Toyota Yaris. See Docket No. 51. In the description of the vehicle, Debtors stated that the "interest in vehicle is property of the estate pursuant to section 541(c) (1) although titled of the vehicle is to third party …" Id.

On July 28, 2014, the Debtors filed on behalf of Cooperativa the proof of claim number 8. See Claim 8-1.

On April 23, 2015, the Trustee filed T*rustee's Objection to Proof of Claim #08-1 filed by Coop A/C Oriental*. See Docket No. 100.  The Trustee objected the proof of claim number 8 because the supporting documents attached to the proof of claim does not refer to the Debtors of this case.  The proof of claim was filed by the Debtors on behalf of Cooperativa.  Id.

On May 15, 2015, Debtors filed their *Response and Opposition to Trustee's Objection to Claim #8.* See Docket No. 106.  The Debtors argues that the proof of claim filed by them on behalf of Cooperativa is allowable because the vehicle secured by Cooperativa is property of the estate despite the financing by creditor to a third party. See Docket No. 106.

After several procedural stages in the case, on March 9, 2016, Debtors filed an amended Plan dated March 9, 2016. See Docket No. 143. The proposed Plan provides for the payment in full of the car loan to Cooperativa as a secured claim. Id.

On March 22, 2015, the Trustee objected the confirmation of the Plan dated March 9, 2016. See Docket No. 147. The Trustee objected, among other things, the treatment provided in the Plan to Cooperativa because it is not a creditor in the captioned case and does not have a claim against Debtors.  See Docket No. 147.

Furthermore, throughout the bankruptcy proceedings, Cooperativa has objected the plan confirmation, arguing that,

-3-

since the abovementioned 2010 Toyota Yaris is not property of the estate, Cooperativa is not a creditor in this case. See, Dockets No. 24, 43, and 80.

II. CONCLUSIONS OF LAW

a. Whether Cooperativa is a creditor in the captioned case and holder of a claim, in the captioned case with a right of payment through the Plan.

Section 101 (12) of the Bankruptcy Code defines "debt" as a liability on a claim. 11 U.S.C. §101(12).

A claim is a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or…. 11 U.S.C. §101(5)(A). The word "claim" is interpreted broadly under the Bankruptcy Code. *See In re Mazzeo,* 131 F.3d 295, 302 (2d Cir.1997): In re Okura & Co. (Am.), Inc., 249 B.R. 596, 602 (Bankr. S.D.N.Y. 2000)

While the term "claim" was drafted to be read broadly, it is not unlimited. In order for a claim to arise there must be a "right to payment." See Cohen v. de la Cruz, 523 U.S. 213, 218, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) (*quoting* Pennsylvania Dept. of Public Welfare v. Davenport, 495 U.S. 552, 559, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990)). And, a "right to payment" is nothing more than an enforceable obligation. *Id.* In re Okura & Co. (Am.), Inc., 249 B.R. 596, 602 (Bankr. S.D.N.Y. 2000)

11 U.S.C. §101(10) defines the term "creditor" under the Bankruptcy Code. The same states, as follows:

> (10) The term "creditor" means—

> (A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

> (B) entity that has a claim against the estate of a kind specified in section 348 (d), 502 (f), 502 (g), 502 (h) or 502 (i) of this title; or

> (C) entity that has a community claim.

Cooperativa is not a creditor in the instant case because it does not have a claim against the debtors that arose at the time of, or, before the order of relief, or in the kind specified in sections 348(d), 502(f), 502(g), 502(h) or 502(i) of the Bankruptcy Code.

b. <u>Whether Cooperativa has an enforceable obligation against Debtors in the captioned case with a right of payment through the Plan.</u>

In order to determine whether Cooperativa is a holder of a claim, and by implication a creditor, it is necessary to determine whether it has an enforceable obligations against Debtors under applicable non-bankrtupcy law. <u>See</u> *In re Chateaugay Corp., 53 F. 3d. 478, 497 (2d Cir, 1995).*

In Puerto Rico, obligations are created by law, by contracts, by quasi contracts, and by illicit acts and omissions or by those in which any kind of fault or negligence occurs. 31 L.P.R.A. § 2992. Obligations arising from contracts have legal

force between the contracting parties, and must be fulfilled in accordance with their stipulations. 31 L.P.R.A. § 2994

An obligation may be modified by the change of their object or principal conditions, by substituting the person of the debtor or by subrogating a third person in the rights of the creditor. 31 L.P.R.A. §3241.

The novation whether it refers to parties or the object of the obligation is not presumed and for the same to exist there must be an express declaration of the contracting parties of their intention to enter into a novation or that there be a complete incompatibility between both obligations. Colon & Cia. Inc. v. Registrador de la Propiedad de Ponce, 88 P.R.R. 77, 1963 PR Sup. LEXIS 310 (P.R. 1963); Salgado v. Villamil et al., 14 P.R.R. 437, 1908 PR Sup. LEXIS 74 (P.R. 1908).

A novation that consist of the substitution of a debtor in the place of the original one may be made without the knowledge of the original debtor, but not without the consent of the creditor. 31 L.P.R.A. § 3243

The Supreme Court of Puerto Rico concluded in Teacher Annuity vs. Marital Community, 115 D.P.R. 277 (1984), that novation by substitution of the Debtor can only take place with the creditor's consent. Such consent must be patent and manifest. Id. The mere acceptance by the creditor of payments made by a third party does not constitute the acceptance of a

new debtor.  Id.

In this case, Debtors are not party in the Financial Agreement, hence, they did not enter in any contractual relationship with Cooperativa, and are not legally obligated with such entity. In re Irving- August Building Corporation, 100 F.2d 574, 578 (7th Cir. 1938) ("Liability for debts is traceable to contractual origin."). Furthermore, Cooperativa has objected the confirmation of the Plan, rejecting Debtors as the obligated party in their contact, and therefore, a novation has not occurred.

Debtors have failed to establish by means of evidence that Cooperativa has a right of payment. Debtors are not obligated with this financial entity since the same does not have a claim against Debtors, thus, there is not a debt in which the debtors are responsible.

For the reasons stated herein, the proof of claim number 8 filed by the Debtors on behalf of Cooperativa de A/C Oriental is disallowed.

It is so ordered.

In San Juan, Puerto Rico, this 20th of June, 2016.

Enrique S. Lamoutte
United States Bankruptcy Judge

-7-